IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

LYNETTE SHERMAN,

          Plaintiff,

v.                                     Civil Action No.: 5:09-1211

GREENBRIER HOTEL CORPORATION

          Defendant.

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and § 1343(4). This is an action authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and the West Virginia Human Rights Act, as amended, W.Va. Code § 5-11-13.

2. Jurisdiction of the state law claims is proper under the doctrine of supplemental jurisdiction.

3. The unlawful employment practices alleged herein were committed in Greenbrier County, West Virginia, which is in the Southern District of West Virginia.

### PARTIES

4. Plaintiff, at all times material to this action, is and was a resident of Greenbrier County, West Virginia.

5. Defendant, Greenbrier Hotel Corporation, owns and operates The Greenbrier, an award-winning hotel resort and national historic landmark in Greenbrier County, West Virginia.

6. Defendant is an employer engaged in a industry affecting commerce within the meaning of 42 U.S.C. § 2000e.

7. Defendant has employed more than fifteen (15) persons for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

## CONDITIONS PRECEDENT

8. On or about July 3, 2006, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) claiming to have been discriminated against in her employment due to her gender, female, because of the denial of promotions beginning in 2002 and continuing to the date of the charge.

9. Pursuant to the work-share agreement between the EEOC and the West Virginia Human Rights Commission (WVHRC), filing with the EEOC constitutes filing with the EEOC.

10. On August 28, 2008, the EEOC issued its Determination that Defendant had engaged in unlawful discriminatory action against the Plaintiff.

11. The EEOC attempted conciliation between the parties, which failed.

12. On August 6, 2009, the EEOC issued a Notice of Right to Sue which was received by the Plaintiff on August 16, 2009.

### Count I

13. Plaintiff graduated from the Pennsylvania Institute of Culinary Arts in 1998.

14. Plaintiff was next hired by Defendant on or about July 30, 1998 as cooks helper and began the Greenbrier culinary apprenticeship program.

15. Plaintiff graduated from the apprenticeship program in November of 2001 and continued working for Defendant as a rounds chef. Plaintiff was qualified as a chef in all aspects of food production and preparation for a five-star/five-diamond property.

16. Plaintiff is female.

17. Plaintiff continued her employment with Defendant as a chef and in 2002 she applied for the position of saucier.

18. Plaintiff was qualified for the saucier position, yet she was rejected. Instead, a less qualified male was awarded the position.

19. In 2002 Plaintiff also applied for and was promoted to the position of lead chef at the Sam Snead Golf Club.

20. In 2003 Plaintiff applied for the position of saucier in the main kitchen of the hotel property.

21. Plaintiff was qualified for the saucier position, yet she was rejected. Instead, a less qualified male was awarded the position.

22. In 2004, Plaintiff, again, applied for a saucier position in the main kitchen.

23. Plaintiff was qualified for the saucier position, yet she was rejected. Instead, a less qualified male was awarded the position.

24. On or about September 2005, Plaintiff applied for the position of catering chef.

25. Plaintiff was qualified for the position of catering chef, yet she was rejected. Instead, a less qualified male was awarded the position.

26. In 2005, Plaintiff applied, again, for a saucier position in the main kitchen.

27. Plaintiff was qualified for the position of saucier, yet she was rejected. Instead the position was awarded to a less qualified male.

28. Each denial or rejection for promotion of Plaintiff as set forth above was because of Plaintiff's gender.

29. Each denial or rejection for promotion as set forth above has adversely affected Plaintiff's compensation which has continued from the date of each rejection of promotion to date, each time wages and compensation have been paid to Plaintiff.

30. Each denial or rejection for promotions as set forth above is part of a pattern of ongoing discrimination against Plaintiff on the basis of her gender.

31. Defendant's failure to promote Plaintiff was malicious, intentional and in reckless indifference to the federally protected rights of Plaintiff.

32. As a direct and proximate result of Defendant's intentional, malicious, reckless and unlawful employment practices, Plaintiff has suffered loss of pay, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. Judgment for a sum of money equal to back pay and benefits owing to Plaintiff since the date of each of her unlawful denials of promotions;

B. Compensatory and punitive damages as authorized by 42 U.S.C. § 1981a(b) and 42 U.S.C. § 2000e-5(g);

C. Attorneys fees and costs pursuant to 42 U.S.C. § 2000e-5(k);

D. Award of the position of saucier or front pay; and

E. Such other and further relief as this Court deems proper.

### Count II

33. Plaintiff readopts and reasserts paragraphs 1-32 as if set forth herein verbatim.

34. Defendant's failure to promote Plaintiff to the positions of saucier in 2002, 2003, 2004 and 2005, and the position of catering chef, as set forth above, is in violation of the West Virginia Human Rights Act.

35. In addition, in February of 2009, Plaintiff applied for the position of sous chef at the Sam Snead Golf Club.

36. Plaintiff was qualified for the position of sous chef, yet she was rejected. Instead, the position was awarded to a less qualified male.

37. Each rejection or denial for promotion as set forth above was because of Plaintiff's gender.

38. Each rejection or denial of a promotion as set forth herein above adversely affected Plaintiff's compensation which has continued from the date of each denial of promotion to date, each time wages and/or compensation have been paid to Plaintiff.

39. Each refusal or denial of promotion as set forth above is a pattern of on going discrimination against Plaintiff on the basis of her gender.

40. Defendant's failure to promote Plaintiff as set forth above was malicious, intentional and in reckless indifference to the state protected rights of Plaintiff.

41. As a direct and proximate result of Defendant's intentional, malicious, reckless and unlawful employment practices, Plaintiff has suffered loss of pay, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

**WHEREFORE**, Plaintiff requests the Court grant the following relief:

A. Judgment for a sum of money equal to back pay and benefits owing to Plaintiff since the day of each rejection or denial of promotion;

B. Compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

C. Award of the position of sous chef or front pay;

D. Punitive damages;

E.  Attorney's fees and costs incurred in this action;  and

F.  Such other and further relief as this Court deems proper.

                                                 LYNETTE SHERMAN,
                                                 By Counsel.

Plaintiff Requests a Jury Trial.


                                       /s/ Debra Kilgore
                                       Debra Kilgore
                                       West Virginia State Bar ID #156
                                       Burton Kilgore & Lazenby, PLLC
                                       Post Office Box 5129
                                       Princeton, West Virginia 24740
                                       (304) 425-2143


                                       /s/ David White
                                       David L. White, Esq.
                                       West Virginia State Bar ID #4006
                                       The Masters Law Firm LC
                                       181 Summers Street
                                       Charleston, WV  25301
                                       (304) 342-3106